UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1: 20-cv-25013-RNS

AT LAW AND IN ADMIRALTY

THERESA BURTON et al,

      Plaintiffs

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

      Defendant.

_____/

### PLAINTIFFS' MOTION FOR
### PARTIAL SUMMARY JUDGMENT
### AS TO LIABILITY ONLY
### AND
### REQUEST FOR HEARING
*(In order to eliminate need of liability experts; disclosures due on October 28, 2021)*

The Plaintiffs, THERESA BURTON et al, pursuant to Federal Rule of Civil Procedure 56 move for entry of partial summary judgment as to liability only for the 2-week bench trial set March 14, 2022 and in support thereof state the following and hereby move:

### INTRODUCTION

1. This is a negligence case where the Carnival Glory cruise ship crashed into the Carnival Legend cruise ship. The Carnival Legend was tied up to the Carnival cruise ship pier in Cozumel, Mexico. [D.E. 1].   The Carnival Glory was maneuvering behind the Carnival Legend. [D.E.1]. The bow of the Carnival Glory crashed into the stern of the Carnival Legend. [D.E. 1]. This crash occurred while the Plaintiffs were passengers onboard the Carnival Glory. [D.E.1]. Defendant Carnival Corporation is liable for failing to maintain a proper lookout and failing to control the

Carnival Glory as to avoid collision and/or allision with other vessel, including the Carnival Legend. [D.E. 1]. As a result, Plaintiffs have suffered severe and permanent injuries. *See* Complaint. [D.E. 1]. The causation and injury portion is not at issue in this motion. This motion is limited to liability. An adjudication of this clear and obvious liability will eliminate the extreme expense and time of the liability experts on these issues for both parties.

## **UNDISPUTED FACTS**

4.      Carnival Corporation operates and at all times material to this action operated the cruise ship Carnival Glory.  (See, Defendant's Responses to Plaintiff's Request for Admissions, Exhibit A hereto).

5.      Plaintiffs were at the time of this collision passengers onboard the Carnival Glory.

6.      Plaintiffs as of time of the collision were completely without fault.

7.      Plaintiffs at the time of this collision did not cause or contribute to the cause of the collision.

8.      Carnival Corporation operates and at the times material to this action operated the cruise ship Carnival Legend.

9.      The Carnival Glory cruise ship collided with the Carnival Legend cruise ship on December 20, 2019.  (See, Affidavit of Raymond Rupert, Exhibit B hereto).

10.      At the time of the collision of the Carnival Glory and the Carnival Legend, the Carnival Legend was tied up to the pier at the cruise ship terminal at Cozumel, Mexico.  (See, Affidavit Raymond Rupert, Exhibit B hereto).

11.      The collision took place where the ship tied to the pier, the Carnival Legend, was not moving and the Carnival Glory struck the transom of the Carnival Legend.

12.     Before the Carnival Glory struck the transom of the Carnival Legend, some passengers onboard the Carnival Legend who were seated in the transom of that ship could see that the Carnival Glory was approaching and was going to collide with the ship in which these passengers were situated.  (See, Affidavit of Raymond Rupert, Exhibit B hereto).

13.     When the Carnival Glory struck the transom of the Carnival Legend, some passengers onboard the Carnival Legend could see, feel, and hear the effects of the collision.  (See, Affidavit of Raymond Rupert, Exhibit B hereto).[1]

14.     A true, correct, and authentic copy of a video of that collision is found at the link https://www.youtube.com/watch?v=Db7T720KJ3E.

15.     Carnival Corporation through the master or other officers in charge of the navigation and control of the movements of the Carnival Glory cruise ship on December 20, 2019, immediately before the collision acted unreasonably in the navigation or control of the movements of the Carnival Legend cruise ship.  That is, but for the negligence of the master or other officers in charge of the navigation and control of the movements of the Carnival Glory, the Glory would not have collided with the Carnival Legend.

16.     Carnival Corporation through the master or other officers in charge of the navigation and control of the movements of the Carnival Glory cruise ship on December 20, 2019, immediately before the collision were negligent in the navigation or control of the movements of the Carnival Legend cruise ship.

17.     The agents or employees of Defendant Carnival Corporation were negligent which negligence was the cause of the Carnival Legend and Carnival Glory colliding.

---

[1] https://www.washingtonpost.com/travel/2019/12/20/one-carnival-cruise-ship-crashed-into-another-horrified-passengers-watched-cozumel/

18.     If not for the negligence of Carnival Corporation through the actions of its master or other officers in charge of the navigation and control of the movements of the Carnival Glory cruise ship, the Carnival Glory cruise ship would not have collided with the Carnival Legend cruise ship on December 20, 2019, off Cozumel, Mexico.

19.     Carnival Corporation is liable for any injuries to the passengers of the Carnival Legend cruise ship if those injuries were caused by the collision of the Carnival Glory and the Carnival Legend.

## MEMORANDUM OF LAW

### I.     Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). The existence of some factual disputes between litigants will not defeat an otherwise properly ground motion for summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) (emphasis added). Mere "metaphysical doubt as to the material facts" will not suffice.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### II.     Partial summary judgment based on the doctrine *res ipsa loquitor*

Plaintiffs move for partial summary judgment as to liability based upon the doctrine of *res ipsa loquitor*. A finding of negligence based on the doctrine of *res ipsa* loquitur in the admiralty context is not totally unique but neither is it routine. *United States v. Baycon Indus., Inc*., 804 F.2d 630, 633 (11th Cir. 1986). The doctrine of *res ipsa loquitur* applies if: the injured party was without

4

fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence. *United States v. Baycon Indus. Inc.,* 804 F.2d 630, 633 (11th Cir. 1986) No act need be explicable only in terms of negligence in order for the rule of *res ipsa loquitur* to be invoked. The rule deals only with permissible inferences from unexplained events. *Johnson v. United States*, 333 U.S. 46, 49, 68 Sup. Ct. 391, 92 Ed. 468 (1948).

The case before Court is analogous to *Terry v. Carnival Corp.*, with respect to liability. 3 F. Supp. 3d 1363 (S.D. Fla. 2014). On February 13, 2013, the Carnival Triumph set sail for a 7-day cruise. Carnival's poor maintenance of fuel lines and filters for the lines in the generators in the engine room cause the fuel to leak. This caused a fire. As a result of the fire the ship lost power. Without power passengers were subjected to days of no running toilets and sewage leaks throughout cabins, hallways, and down walls. Plaintiffs filed a motion for partial summary judgment as to liability based upon the doctrine of *res ipsa loquitor*. On January 16, 2014 the Court granted Plaintiff's motion for partial summary judgment as to liability based upon the doctrine of *res ipsa loquitor*.

The facts here are not in dispute.  Although Carnival has chosen initially to deny some or all of these facts in the Answers to the Complaints filed in regard to this collision [D.E. 11], no reasonable lawyer or party would deny the obvious.  The agents or employees of Defendant Carnival Corporation were negligent which negligence was the cause of the ships colliding. It is hornbook maritime law that the master of a vessel is responsible for the movements of the vessel.[2] *See* Inland and International Navigation Rule 2 (a)-(b) and 33 C.F.R. § 83.02(a)-(b).  And the operator of the vessel which employs the master is responsible for the actions of the master in regard to the

---

2 https://www.navcen.uscg.gov/pdf/navrules/navrules.pdf

navigation or movements of the vessel.  *See Id.*

The doctrine of *res ipsa loquitor* applies in this case: (1) the Plaintiffs in this case are completely without fault; (2) the Carnival Glory was under the exclusive control of Carnival Corporation; and (3) a ship crashing into another ship ordinarily does not occur in the absence of negligence.

### A.  Plaintiffs are completely without fault

It is clear Plaintiffs are without fault. Plaintiffs were passengers aboard the Carnival Glory. [D.E. 1]. Carnival Corporation was the sole operator of the Carnival Glory on the date of the incident. See, Defendant's Responses to Plaintiff's Request for Admissions, Exhibit A hereto. The captain of the Carnival Glory had exclusive control of the ship and its movements. The **captain** of a ship is responsible for the actions of the ship in regarding to the navigation or movements of the vessel. *See* Inland and International Navigation Rule 2 (a)-(b) and 33 C.F.R. § 83.02(a)-(b). Just as the passengers in *Terry* had no control over the Carnival Triumph's engine room, diesel generators, and flexible fuel hose; the Plaintiffs in this case had no control over the actions and movements of the Carnival Glory. The Passengers had to watch in fear as the Carnival Glory approached the Carnival Legend and ultimately crash into ship. (See, Affidavit of Raymond Rupert, Exhibit B hereto). As a result of the crash passengers could see, feel, and hear the effects of the collision. (See, Affidavit of Raymond Rupert, Exhibit B hereto).  The Plaintiffs in this case were merely passengers who had to witness the Carnival Glory crash into the Carnival Legend. (See, Affidavit of Raymond Rupert, Exhibit B hereto). It is clear the first prong of the doctrine is met.

### B.  Carnival Glory was under the exclusive control of Carnival Corporation

The Carnival Glory was under the exclusive control of Carnival Corporation. In determining "exclusive control" the essential question becomes one of whether the probable cause is one which

the defendant was under a duty to the plaintiff to anticipate or guard against. *See Terry v. Carnival* at 1372 (citing Restatement (Second) of Torts § 328D (1965). The Inland and International Navigation Rule 2 (a)-(b) and 33 C.F.R. § 83.02(a)-(b) are clear that the captain of a ship, in this case the captain of the Carnival Glory, is exclusively responsible for the actions and movements of the ship. The captain must anticipate there will be other vessels on navigable waters and control the vessel as to guard against crashes. The captain of the Glory owed a duty to the Plaintiffs and knew or should have known that failing to properly navigate and maneuver the ship would result in a crash, especially in an area where other ships are docked. The Carnival Legend was tied up to the pier at the cruise ship terminal at Cozumel, Mexico.  (See, Affidavit of Raymond Rupert, Exhibit B hereto). There is no record evidence to suggest that any party, other than Carnival, operated, managed or had any control over the vessel, the steering, or maneuvering during the subject incident. *See Terry v. Carnival* at 1373 (the court found a sufficient showing of exclusive control where there is no record evidence to suggest that any party, other than Carnival, operated, managed or had any control over the vessel, engine room or the machinery therein during the subject cruise).

### C. A ship crashing into another ship ordinarily does not occur in the absence of negligence

A ship is navigated and controlled by the captain. But for the negligence of the master or other officers in charge of the navigation and control of the movements of the Carnival Glory, the Glory would not have collided with the Carnival Legend. The captain of the Carnival Glory was negligent in navigating and controlling the Carnival Glory especially in an area where other vessels, including the Carnival Legend were docked. There is no explanation or record evidence that the crash was a result of anything other than negligence.  The events that occurred were sufficiently unusual to support an inference that, in the absence of negligence by those in charge, the Carnival

7

Glory crashing into the Carnival Legend would not have occurred. *Id.* (finding that, the events that occurred were sufficiently unusual to support an inference that, the absence of negligence by those in charge, the fire and resulting conditions would not have occurred). The third and final prong of the *res ipsa loquitor* doctrine is met.

Here, the only dispute is whether and to what extent the injuries suffered by the Plaintiffs were caused by the movements of the ship in the subject collision or by the ensuing – and reasonably foreseeable – movements of the large crowds of passengers onboard the Carnival Legend moving to get away from transom of the ship where the Carnival Glory struck.

## <u>CONCLUSION</u>

Wherefore, the Plaintiff moves for entry of Summary Judgement as to liability only and for such other relief as the Court deems just and reasonable.

20. **REQUEST FOR A HEARING PURSUANT TO LOCAL RULE 7.1(b)(2):** The Plaintiff requests oral argument on Plaintiff's motion to for enlargement of time to comply with Local Rules. This will afford the Court a meaningful and complete review of the matters raised by the motion. The Plaintiff respectfully requests a 15-minute hearing.

Respectfully submitted,

 *s/Alejandra C. Bernadet, Esq.*
**John H. Hickey, Esq.** (FBN 305081)
E: hickey@hickeylawfirm.com
**Alejandra C. Bernadet, Esq.** (FBN 123746)
E: abernadet@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

BY *s/Alejandra C. Bernadet, Esq.*
**Alejandra C. Bernadet, Esq.** (FBN 123746)
E: abernadet@hickeylawfirm.com

## SERVICE LIST

THERESA BURTON et al v. CARNIVAL CORPORATION
CASE NO.: 1: 20-cv-25013-RNS

| | |
|---|---|
| **John H. Hickey, Esq. (FBN 305081)**<br>E: hickey@hickeylawfirm.com<br>**Alejandra C. Bernadet, Esq.**<br>**(FBN 123746)**<br>E: abernadet@hickeylawfirm.com<br>E: mrodriguez@hickeylawfirm.com<br>**HICKEY LAW FIRM, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131<br>P: (305) 371-8000<br>F: (305) 371-3542<br>*Attorneys for Plaintiffs* | **Scott P. Mebane, Esq. (FBN 273030)**<br>E: smebane@maselaw.com<br>E: mgomezderosa@maselaw.com<br>E: filing@maselaw.com<br>**Curtis J. Mase, Esq. (FBN 273030)**<br>E: lcruz@maselaw.com<br>E: kmartinez@maselaw.com<br>**Lauren N. Cabeza, Esq. (FBN 1025668)**<br>E: lcabeza@maselaw.com<br>E: pmoghari@maselaw.com<br>E: carbelaez@maselaw.com<br>**Mase Mebane, P.A.**<br>2601 S. Bayshore Drive<br>Suite 800<br>Miami, FL 33133<br>P: (305) 377-3770<br>F: (305) 377-0080<br>*Attorneys for Defendant* |