United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Theresa Burton and others, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-25013-Civ-Scola |
| | ) | **In Admiralty** |
| | ) | |
| Carnival Corporation, dba | ) | |
| Carnival Cruise Line, Defendant. | ) | |

### Order Denying the Plaintiffs' Motion for Partial Summary Judgment

The Plaintiffs, thirty-six passengers who were aboard the *Carnival Glory* when it collided with the docked *Carnival Legend* in Mexico, seek to recover damages from Defendant Carnival Corporation, for injuries they say they sustained as a result of the crash. (Compl., ECF No. 1, 11.) The Plaintiffs have filed a motion for partial summary judgment, submitting that, under the doctrine of res ipsa loquitor, they are entitled to a finding of liability as to their negligence claim, the sole count in the complaint. (Pls.' Mot. for Part. Summ. J., ECF No. 19.) Carnival opposes the motion, complaining that the Plaintiffs have failed to comply with Local Rule 56.1 in presenting their statement of undisputed facts and, therefore, their motion is wholly unsupported and must be denied. (Def.'s Resp, ECF No. 20, 4.) The Plaintiffs have timely replied. (Pls.' Reply, ECF No. 21.) For the reasons set forth below, the Court **denies** the Plaintiffs' motion for partial summary judgment (**ECF No. 19**).

### 1. Background

The *Glory*, operated by Carnival, collided with the *Legend*, which was tied up to a pier in Cozumel, Mexico, on December 20, 2019. The Plaintiffs, passengers on board the *Glory*, allege they suffered various injuries as a result of the impact. They maintain that Carnival was negligent and is therefore liable for their damages. Carnival denies being at fault.

### 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most

favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov. 22, 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

### 3. Analysis

In their motion, the Plaintiffs argue they are entitled to "partial summary judgment as to liability based on the doctrine of res ipsa loquitur." (Pls.' Mot. at 4.) In support, the Plaintiffs say (1) they are completely without fault for their injuries; (2) Carnival had exclusive control of the *Glory*; and (3) the *Glory's* crashing into the *Legend* would ordinarily not occur in the absence of negligence. (*Id.* at 6–8.) In opposition, Carnival says the Plaintiffs fail to provide sufficient facts, both in substance and in form, to support their motion. (Def.'s Resp. 4.) Because the Court agrees with Carnival, that the Plaintiffs have failed to meet their burden of showing a factual basis for their position, their motion is denied.

To begin with, the Plaintiffs failed to comply with Local Rule 56.1 in multiple ways. Notably, a movant's statement of material facts is required to "list the material *facts* that the movant contends are not genuinely disputed." L.R. 56.1(a)(1) (emphasis added). Instead of listing only facts, however, the Plaintiffs' statement is replete with improper legal conclusions. For example, the Plaintiffs announce they "were completely without fault." (Pls.' Stmt. Mat.

Facts ¶ 6, ECF No. 19, 2.) They then go on to say that Carnival "acted unreasonably in the navigation or control of the . . . ship" and that, "but for the negligence of the master or other officers in charge of the navigation and control of the . . . Glory, [it] would not have collided with the Carnival Legend." (*Id.* ¶ 15.) The legal conclusions continue, unabated, through the remainder of the Plaintiffs' statement: "Carnival [was] negligent in the navigation or control of the movements of the . . . ship" (*id.* ¶ 16); Carnival's "agents or employees . . . were negligent which . . . was the cause of the . . . colli[sion]" (*id.* ¶ 17); "If not for the negligence of Carnival . . . the Carnival Glory cruise ship would not have collided" (*id.* ¶ 18); and, finally, "Carnival . . . is liable for any injuries to the passengers . . . if those injuries were caused by the collision" (*id.* ¶ 19). None of these statements are properly included in a statement of material "facts" and, accordingly, the Court will disregard them for the purposes of evaluating the Plaintiffs' motion.

Next, in addition to failing to present their statement of facts as a separate filing, the Plaintiffs also failed to support each factual statement "by specific, pinpoint references to particular parts of record material." L.R. 56.1(b)(1)(B). Virtually their entire statement is devoid of any citations at all and not one fact references a pinpoint citation, as required.[1] Under Rule 56.1, based on this lack of compliance, the Court may, among other options, strike the statement "or enter other sanctions that the Court deems appropriate." L.R. 56.1(d). But, because the Plaintiffs' material facts are insufficient, in any event, to support their motion—largely because of the legal conclusions presented as if they were facts—the Court declines to strike the statement in its entirety. However, the Plaintiffs are forewarned: future noncompliance with the Court's rules will result in the striking of noncompliant statements or briefs or other sanctions, as may be appropriate.[2]

---

[1] In an attempt to address these errors, the Plaintiffs, in reply, attach proposed revisions to both their motion and their statement of material facts. (Pls.' Reply, ECF Nos. 12-1, 12-2.) Not only is this an improper and ineffective way to amend their summary-judgment briefing, but the amendments are, moreover, lacking substantively. For example, the Plaintiffs repeat the legal conclusions they set forth in the last five paragraphs of their statement, adding pinpoint citations to the record that merely establish that the Plaintiffs were passengers on the *Glory*, that Carnival operated the ship on the day of the collision, and that the passengers witnessed the collision. And, so, even if the Court were to accept the amended filings, the statement is sill noncompliant.

[2] Remarkably, Plaintiffs' counsel complains that the Defendant, in pointing out the defects in their statement of material facts, is unfairly "attempt[ing] to capitalize on former counsel's inexperience which included never responding to or filing a motion for summary judgment before throughout her career." (Pls.' Reply at 2.) Plaintiffs' counsel brushes off the Plaintiffs' statement's shortcomings, describing them as "minor error[s] of form not substance." (*Id.*) Counsel's position is concerning for many reasons. First, it shows a lack of supervision within Plaintiffs counsel's firm. It also indicates a lack of familiarity with the Rules Regulating the

As to the merits of the Plaintiffs' motion, it too is lacking. Res ipsa loquitur is an evidentiary rule that "provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting." *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So. 2d 1339, 1341 (Fla. 1978). The doctrine of res ipsa loquitur applies if: (1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence. *United States v. Baycon Indus., Inc.,* 804 F.2d 630, 633 (11th Cir.1986).

The Court agrees with the Plaintiffs that, by establishing their undisputed status as passengers (Pls.' Stmt. ¶ 5; Def.'s Resp. ¶ 5), they have likely satisfied the first element—at least in terms of causing the collision itself. However, the Plaintiffs have not alleged any facts whatsoever to demonstrate that they have met either of the other two elements. Instead, they point to a paucity of evidence showing that any other entity or force had control of the ship's movement or that the crash was the result of anything other than Carnival's negligence. But a lack of evidence showing that something or someone else might have controlled, or led to a loss of control, does not affirmatively show that Carnival, and only Carnival, had exclusive control of the ship's movements. Similarly, simply stating, without the support of any actual facts, that the collision would ordinarily not occur absent Carnival's negligence, is insufficient to carry the Plaintiffs' burden of showing there are no genuine issues as to any material facts.

The Plaintiffs rely heavily on another district court case, where the Plaintiffs were granted partial summary judgment on the basis of res ipsa loquitur, to make their point. *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363 (S.D. Fla. 2014) (Graham, J.). The case the Plaintiffs present here, though, is a far cry from the well-developed factual record described in *Terry. Id.* at 1372–73. In *Terry*, the record evidence described in detail the precise mechanism and location of the breakout of a shipboard fire and what specific entities had had access to the vessel's engine room where a flexible fuel hose for a diesel generator had developed a leak. *Id.* Here, in contrast, the Plaintiffs merely describe a collision between two ships. By the Plaintiffs' logic, the plaintiffs in *Terry* could have prevailed on a theory of res ipsa loquitur by simply pointing to

---

Florida Bar which require law firm partners, or those lawyers with comparable managerial authority, to "ensure that inexperienced lawyers are properly supervised." FL ST BAR Rule 4-5.1 (cmt). Finally, it conveys a total disregard for the Court's rules and an apparent view that noncompliance can simply be brushed away and routinely chalked up to nothing more than harmless error. The Court cautions counsel: moving forward, counsel's compliance with the Court's rules is not discretionary and further nonobservance will warrant sanctions.

a shipboard fire. But the fact of an accident alone is insufficient to establish the application of res ipsa loquitur. Without more, the Plaintiffs' position falls wide of the mark.

### 4. Conclusion

Because the Plaintiffs have not carried their burden of showing a basis for their motion, the Court **denies** the Plaintiffs' motion for partial summary judgment (**ECF No. 19**).

**Done and ordered**, in Miami, Florida, on December 27, 2021.

Robert N. Scola, Jr.
United States District Judge